# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| THE GOVERNMENT OF THE VIRGIN ISLANDS, BUREAU OF INTERNAL REVENUE,<br>    Plaintiffs,<br>v.<br><br>WILLIAM M. LANSDALE, MARIANTHI LANSDALE, LA ISLA VIRGEN, INC., MARINA PACIFICA OIL COMPANY, INC., AND LONESOME DOVE PETROLEUM COMPANY,<br>    Defendants.<br>_____<br>EDWARD E. THOMAS, DIRECTOR, VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,<br>    Petitioner,<br>v.<br><br>LONESOME DOVE PETROLEUM CO., and MARINA PACIFICA OIL COMPANY,<br>    Respondents<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 2001/0157<br><br><br><br><br><br><br><br><br><br>CIVIL NO. 1992/0079 |

## MEMORANDUM OPINION

Finch, Senior Judge

  THIS MATTER comes before the Court on the Receiver's Motion for Asset Turnover and Other Equitable Relief. William and Marianthi Lansdale oppose such motion on the grounds that (1) the Receiver is barred from bringing this action by the doctrine of res judicata, (2) the Receiver cannot obtain the requested relief via a summary proceeding, and (3) the issues must be resolved in arbitration.

**I.      Whether the Receiver's Motion for Asset Turnover is Barred by Claim Preclusion**

A.      Recap

The history of this case has been fully detailed in Government of the Virgin Islands v. Lansdale, 172 F. Supp. 2d 636, 640-44 (D.V.I. 2001) and in Government of the Virgin Islands v. Lansdale, 2004 WL 1918753, at *1-3 (D.V.I., Aug. 23, 2004).  Thus, the Court will only briefly repeat the facts particularly pertinent to the question of claim preclusion.

In 1994, the Receiver sued the Lansdales,  In 1997, the Receiver and the Lansdales reached a settlement which provided for the dismissal of the Receiver's complaint against the Lansdales with prejudice.  The Court accepted such settlement and dismissed the Receiver-Lansdales litigation with prejudice.

In 1998, the Virgin Islands Bureau of Internal Revenue (VIBIR) brought the present action against the Lansdales and their corporations.[1]  The Lansdales moved to dismiss and for summary judgment, contending among other arguments, that the Receiver-Lansdales settlement barred the VIBIR's action under principles of claim preclusion.   In 2001, the Court found that the VIBIR could litigate its claims against the Lansdales, notwithstanding the Receiver-Lansdales settlement.

In 2002, the VIBIR settled with the Lansdales.  Under the Final Settlement Agreement (FSA), Lonesome Dove agreed to pay VIBIR 6.5 million dollars as well as the proceeds from the liquidation of Lonesome Dove's non-liquid assets.  The parties also agreed that, for a specified period, the VIBIR could conduct independent and professional examination of the Lansdales'

---

[1] When the action was transferred to the Division of St. Thomas and St. John in 2001, it was given the case number, 2001-157.

assets, including any tracing of assets believed formerly to have been in the Lansdales' control. The VIBIR was obligated under the FSA to promptly request that the Receiver file a final accounting.

In 2004, the Court affirmed the Receiver's obligation to uncover, marshal, and report corporate assets as integral to the Receiver's "duty to investigate and examine Lonesome Dove's books and records to determine ownership of the disputed oil and gas leases." 2004 WL 1918754, at *4. Although the Court stated that the Receiver-Lansdale settlement would preclude the Receiver from filing subsequent suits regarding the same or related claims, the Court found that such a claim was not before the Court.

B. Discussion

The commitment to liquidate Lonesome Dove's non-liquid assets and to provide the proceeds of the liquidation to the VIBIR arose with the FSA. The FSA was not in existence in 1997 when the Receiver-Lansdale settlement was executed. Therefore, the FSA constitutes a changed circumstance. "Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first." Restatement (Second) of Judgments § 24 com. f.

Moreover, in the FSA, the Lansdales acknowledge the Receiver's right to investigate the ownership of the non-liquid assets, a right that the Court has also affirmed. It would be fundamentally unfair and inequitable for the Lansdales to reap the benefits of the FSA, while shielding themselves with the Receiver-Lansdale Settlement from the consequences of such

investigation. In some circumstances, "supervening events may make it unjust that [a judgment] should be enforced and it may be impossible to prevent enforcement except by separate proceedings." Restatement (First) of Judgments § 125 com. a. Here, "[t]here has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust." Restatement (Second) of Judgments § 73(2).

The Receiver's claims arise under the FSA which was entered into subsequent to the Receiver-Lansdales Settlement and therefore were not within the scope of the prior dismissal with prejudice. Because of this supervening event, (the execution of the FSA), it would be unjust to preclude the Receiver from pursuing her claims. Thus, the Court concludes that the Receiver's Motion for Asset Turnover is not barred by the doctrine of res judicata.

**II.     Lansdales' Rights to Due Process Can Be Protected in a Summary Proceeding**

A district court has broad powers and wide discretion to determine relief in an equity receivership. SEC v. Black, 163 F.3d 188, 199 (3rd Cir. 1998). In granting relief, it is appropriate for a district court to use summary proceedings. SEC v. Hardy, 803 F.2d 1034, 1040 (9th Cir. 1986). "Such procedures avoid formalities that would slow down the resolution of disputes. This promotes judicial efficiency and reduces litigation costs to the receivership." Id. (quotation omitted).

However, "[s]ummary proceedings are inappropriate when parties would be deprived of a full and fair opportunity to present their claims and defenses." S.E.C. v. Elliott, 953 F.2d 1560, 1567 (11th Cir. 1992). On the other hand, when summary proceedings give the parties a full and fair opportunity to present their claims and defenses, summary proceedings are sufficient in a

4

receivership case.  Id.  For example, in S.E.C. v. Universal Financial, the summary proceeding afforded extensive discovery and briefing, and the district court applied the Federal Rules of Evidence and Federal Rules of Civil Procedure.  760 F.2d 1034, 1037 (9th Cir. 1985).   Because the summary proceedings provided the same due process that would have been available in a plenary suit, the summary proceeding was approved on appeal  Id.   "[F]or the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard."  Commodity Futures Trading Com'n v. Topworth Intern., Ltd., 205 F.3d 1107, 1113 (9th Cir. 1999) (quotation omitted) (involving turnover order).

      The Receiver seeks the turnover of assets by the Lansdales.  The Lansdales' rights to due process can be met in the context of a summary proceeding.  Thus, the Lansdales' argument that the Receiver cannot proceed using a summary proceeding is without merit.

**III.      Whether a Stay in this Forum Will Advance this Litigation**

      The Lansdales criticize the Court for moving forward in this matter, because, according to the Lansdales, certain issues are being arbitrated.  Under 9 U.S.C. § 3, the Court must stay the trial of the action "on application of one of the parties."  Indeed, notwithstanding the existence of an agreement to arbitrate, the parties are free to proceed to present their contractual dispute to a court.  Jones Motor Co. Inc. v. Chauffeurs, Teamsters & Helpers Local Union No. 633 of New Hampshire, 671 F.2d 38, 42 (1st Cir. 1982).  None of the parties to this lawsuit has applied for a stay pending completion of arbitration.

      However, the Court has discretion to stay proceedings *sua sponte,* Rogers v. Ameriprise

Financial Services, Inc., 2008 WL 4826262, at *3 (N.D. Ill. Nov. 4, 2008); Midwest Financial Holdings, LLC v. P & C Ins. Systems, Inc. 2007 WL 4302436, at *5-6 (C.D. Ill. Dec. 7, 2007). "Parallel proceedings, one judicial, one arbitral, are governed instead . . . by the normal rules for parallel-proceeding absention." IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 529 (7th Cir. 1996).

This matter has been pending for an extraordinary length of time. Allowing the remaining issues involving the interpretation and implementation of the Final Settlement Agreement to be resolved by an arbitrator will most effectively "facilitate and encourage a final resolution." Government of the Virgin Islands v. Lansdale, 2009 WL 190078, at *5 (3d Cir. Jan. 28, 2009). Since neither party has applied, the Court will not compel arbitration. However, the Court will stay its proceedings for judicial efficiency and to permit the arbitration to proceed unhindered.

**IV.    Conclusion**

The Court finds that none of the reasons interposed in the Lansdales' Opposition to the Receiver's Motion for Asset Turnover and Other Equitable Relief warrant denial of the Receiver's Motion. The Court abstains from making the factual findings necessary to determination of the Receiver's Motion for Asset Turnover and Other Equitable Relief, so that this matter may proceed to a prompt resolution in the arbitral forum.

ENTER:

DATE:     February 18, 2009            _____/s/_____
                                        RAYMOND L. FINCH
                                        SENIOR DISTRICT JUDGE